
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JANE DOE,

                                    Plaintiff,

v.

PAMELA BONDI; et al.,

                                    Defendants.

Case No.:  25-cv-805-BJC-JLB

**ORDER GRANTING LIMITED TEMPORARY RESTRAINING ORDER AND CONVERTING MOTION HEARING TO STATUS CONFERENCE**

**[ECF No. 26]**

On April 3, 2025, Plaintiff Jane Doe filed her "Petition for Mandamus and Complaint for Declaratory and Injunctive Relief" against Defendants Pamela Bondi, Sirce E. Owen, Garry D. Malphrus, and Kristi Noem (collectively "Defendants") ECF No. 1.  In her Petition, Plaintiff alleges that she "faces imminent deportation" prior to the Board of Immigration Appeals ("BIA") ruling on her "motion to reopen removal proceedings."  ECF No. 1 ¶¶ 1–2.  As such, Plaintiff's Petition requests the Court order the BIA to "render a decision on Ms. Doe's motion to reopen without further delay and prior to her removal from the United States."  ECF No. 1 ¶ 95.  On April 8, 2025, Plaintiff filed a temporary restraining order ("First TRO") to (1) temporarily enjoin Defendants from removing Plaintiff from the United States while the Court rules on Plaintiff's Petition and (2) request the Court instruct the BIA to rule on Plaintiff's "motion to reopen."  ECF No. 8.  District

Judge Battaglia originally set a motion hearing on Plaintiff's First TRO for May 1, 2025. ECF No. 9. However, Defendants then filed a "Notice of Intent to Execute Removal Order and Notice of Intent to Oppose Plaintiff's Motion for Temporary Restraining Order," which indicated the Immigration and Custom Enforcement Agency (ICE) planned to remove Plaintiff "no sooner than April 22nd." ECF No. 13. Consequently, Judge Battaglia moved the First TRO motion hearing to April 17, 2025. ECF No. 14. On April 17, 2025, the parties filed a "Joint Notice of Stay of Removal," which stated that ICE "cancelled [Plaintiff's] April 22 removal and removal [was] stayed pending a lift of the BIA's Stay Order." ECF No. 19. As such, Judge Battaglia rendered Plaintiff's First TRO moot. ECF No. 20.

On May 21, 2025, the parties filed a "Notice of Stay" and "Joint Motion to Vacate Status Conference and Extend Time to File Response to Complaint." ECF Nos. 22, 23. The parties claimed that "ICE has represented and agreed that it will not remove Plaintiff from the United States until the BIA issues a ruling on Plaintiff's pending motion to reopen" (ECF No. 22), and that the an extension on Defendant's response deadline until August 22, 2025 was warranted because "this case may be rendered moot" as the parties explore "an extrajudicial resolution" of Plaintiff's Petition. ECF No. 23. The Court granted the parties' request on the same day. ECF No. 24.

On June 4, 2025, Defendants filed a "Notice of Change in Position Regarding Stay of Removal," where Defendants represented that "ICE has now changed its posture regarding the voluntary stay of Plaintiff's removal and no longer agrees to stay any efforts to effectuate Plaintiff's removal from the United States." ECF No. 25. Now pending before the Court is Plaintiff's renewed motion seeking a temporary restraining order ("Renewed TRO"), which was filed on June 6, 2025. ECF No. 26.

Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court. *See e.g.*, *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)); *United States v. United Mine*

*Workers of Am.*, 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act, 28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction"); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case").

Defendants have questioned the Court's jurisdiction in this case. For the above reasons, the Court finds that a limited-duration stay to maintain the *status quo* is appropriate because it will allow the Court to hold a hearing and provide a reasoned decision to the request at hand.  In issuing this temporary restraining order, the Court dispenses with the requirement for a bond because it does not appear that this stay is likely to harm Defendants. *See Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000) (no bond required where no evidence that defendants would suffer damages from a preliminary injunction).

///

///

///

///

///

///

///

///

///

///

///

///

Therefore, the Court **ORDERS** as follows:

1.  Defendants, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Plaintiff from the United States or this District pending further order of the Court, with such order anticipated to be issued on Friday, June 13, 2025; and

2.  The Court converts the motion hearing set for Friday, June 13, 2025 to a counsel-only status hearing.

**IT IS SO ORDERED**.

Dated:  June 11, 2025

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-805-BJC-JLB